1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JANIS B.,

        Plaintiff,

        v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY

        Defendant.

No. 2:20-CV-00046-JTR

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney Victoria Chhagan represents Janis B. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 29, 2016, alleging disability since December 30, 2014[1], due to chronic migraines, chronic pain disorder, dysthymic disorder, anxiety disorder, ADHD, sleeping disorder, panic disorder, fibromyalgia, bilateral foot pain, and bilateral hand pain. Tr. 76-77. The applications were denied initially and upon reconsideration. Tr. 157-65, 169-75, 176-89. Administrative Law Judge (ALJ) Raymond Souza held a hearing on December 19, 2018, Tr. 34-25, and issued an unfavorable decision on January 30, 2019. Tr. 15-26. Plaintiff requested review by the Appeals Council and on December 4, 2019, the Appeals Council denied Plaintiff's request for review. Tr. 1-5. The ALJ's January 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 31, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1978 and was 38 years old as of the amended alleged onset date. Tr. 76. She completed her GED and has worked as a janitor, pizza shop worker, and caregiver in a preschool. Tr. 37-38. At her hearing she testified the main reasons she was unable to work were fibromyalgia and her mental health. Tr. 40.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

---

[1] Plaintiff later amended her alleged onset date to July 1, 2017. Tr. 38-39.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an

adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 30, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, migraine headaches, asthma, anxiety, and depression. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> She must be able to sit or stand alternatively at will, provided that she is not off task more than 10% of the work period. She can never climb ladders, ropes, or scaffolds; and can occasionally crawl, kneel, crouch, stoop, and climb ramps and stairs. She can have no exposure to respiratory irritants, hazardous or unshielded moving machinery, or unprotected heights. The claimant can understand, remember, and carry out simple and routine instructions and tasks consistent with SVP level one and two type of jobs; and can have occasional interaction with supervisors, coworkers, and the general public.

Tr. 19-20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform,

specifically identifying the representative occupations of mail clerk, inspector hand packager, and electrical accessories assembler. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by improperly rejecting the opinion of Plaintiff's treating nurse practitioner, Phylicia Hancock-Lewis.

## DISCUSSION

**1.    Phylicia Hancock-Lewis, NP**

Plaintiff contends the ALJ erred by improperly rejecting the opinion from her treating nurse practitioner, Phylicia Hancock-Lewis.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In May 2018, Phylicia Hancock-Lewis completed a medical source statement regarding Plaintiff's conditions. Tr. 785-86. She noted Plaintiff's diagnoses included generalized anxiety disorder, panic disorder with agoraphobia, fibromyalgia, migraines, and chronic midline low back pain with sciatica. Tr. 785. She opined Plaintiff needed to lie down two or three times a week for 60-90 minutes when her pain became unbearable, and that work would cause her condition to deteriorate. Tr. 786. She predicted Plaintiff would miss four or more days of work per month. *Id.*

The ALJ gave this opinion little weight, finding it inconsistent with the longitudinal record. Tr. 23. The ALJ noted Ms. Hancock-Lewis did not include any

corroborating treatment notes from visits where tenderpoints were identified and found the opinion to be overly limiting and with an exaggerated prognosis given the unremarkable physical exam findings in the record. *Id.*

Plaintiff argues the ALJ erred, as the record contains documentation of fibromyalgia tenderpoints, and the normal exam findings noted by the ALJ are unrelated to fibromyalgia or to Ms. Hancock-Lewis's opinion regarding missed days and the need to lie down throughout the day. ECF No. 17 at 5-14. Defendant argues the ALJ reasonably found the opinion inconsistent with the longitudinal records, including evidence of symptom exaggeration and the fact that none of the other six medical opinions in the file assessed limitations similar to Hancock-Lewis. ECF No. 18 at 2. Defendant also argues the opinion was predicated on Plaintiff's self-reports, which were discredited by the ALJ. *Id.*

The Court finds the ALJ did not offer germane reasons for discounting Ms. Hancock-Lewis's opinion. As an initial matter, though no records of tenderpoint testing were included with the opinion, the record contains documentation of tenderpoint testing from Hancock-Lewis and Dr. Flavin, Plaintiff's rheumatologist. Tr. 692, 714, 757, 866. The Commissioner did not defend the ALJ missing that evidence in the record.

As for the ALJ's finding that the opinion is inconsistent with the longitudinal record and the unremarkable physical exam findings, the Court finds this rationale is not supported by substantial evidence. The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source."  20 C.F.R. §§ 416.927(c)(2)(4), 416.927(f).  However, the ALJ's summary of the medical records and discussion of the other opinion evidence does not clearly demonstrate any inconsistency with Ms. Hancock-Lewis's opinion regarding Plaintiff's need to recline during the day and that she would be likely to miss work. Furthermore, the Court takes note that fibromyalgia is not a condition that generally lends itself to

extensive objective findings, and often involves a waxing and waning of symptoms. *See generally*, Social Security Ruling 12-2p; *Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017). It is not clear that the normal or unremarkable exam findings identified by the ALJ, such as normal gait and range of motion, have any bearing on the existence or severity of Plaintiff's fibromyalgia, and the ALJ cited to no medical source that indicated as much. The record contains objective findings supportive of Plaintiff's pain complaints, including tenderness and spasms. Tr. 741, 880, 881, 885. The record also reflects the traditional fibromyalgia presentation of varying symptoms with flares of pain at times, which supports Ms. Hancock-Lewis's opinion regarding missed days. Tr. 41-43, 48, 740, 889. Therefore, the Court finds substantial evidence does not support the ALJ's conclusion that Ms. Hancock-Lewis's opinion is inconsistent with the record as a whole and the normal exam findings.

Defendant also points to evidence of exaggeration of symptoms, Plaintiff's conservative and minimal mental health treatment, and the unchallenged findings regarding the reliability of Plaintiff's subjective reports as evidence undermining Ms. Hancock-Lewis's opinion. The Court finds this is *post hoc* rationale that the ALJ did not rely on in discounting Ms. Hancock-Lewis's opinion.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate the medical opinion evidence and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 12, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8